## Boynton v. Miller *et al.*

1. Swamp land grant: UNSURVEYED PORTIONS DO NOT PASS. The survey into legal subdivisions, of lands claimed as swamp lands under the land grant of September 28, 1850, is an essential prerequisite to the passage of the title thereto from the government, under said grant.
2. —— MEANDER LINES. Land lying between the meander line of lands bordering on, and meandered along, the bank of a slough near the Mississippi river, and the slough as it actually exists, which has never been surveyed or platted by the government, did not pass under said grant.

*Appeal from Clinton District Court.*

Friday, July 12.

This is a suit in equity by the plaintiff, to quiet his title to certain real estate, and to enjoin the defendants from

cutting and removing wood and timber therefrom. The plaintiff claims title to the *locus in quo, as swamp* land, under and by virtue of a conveyance by Clinton county to him, in 1863. The defendants claim title in severalty to portions of the land in controversy. Their titles are derived from three original grants — one made by the United States in 1841, one by the same in 1845, and the other, by Clinton county, in 1859, the last being swamp land, and the title to which was then in said Clinton county. The material facts are briefly these: The *locus in quo* is situated near the Mississippi river. A slough, called "Running slough," lies between the lands claimed by the defendants and the river. These lands are designated on and by the government surveys, and are granted as lots one, two and three, in section twenty, township eighty-three, north range seven, east; they are fractional parcels, and are marked on the government plats as bordering on and bounded by the slough. On the east of the slough and between it and the river, are two other fractional parcels, designated as lots one and two, in section twenty-one of the same township and range. By the government surveys, as shown by a duly certified copy of the field-notes and plat, filed as evidence in this cause, it appears that this slough was meandered on both banks, and that the plat shows the slough to extend on and cover all the space between these meandered lines. The land claimed by plaintiff and conveyed to him by Clinton county, contains about eighty acres, and is embraced within these lines; and that in controversy in this suit lies west of the slough, as it actually exists, and between it and the meander lines of lots one, two and three in section twenty, owned by the defendants. The land in controversy was never surveyed or platted by the government. The proof shows that, in low or ordinary stage of water, the

slough is quite narrow, and runs along or near to the meandering lines of lots one and two, in section twenty-one. The west bank of the slough at such stage of water is variously from forty to one hundred rods east of the meander lines of lots one, two and three in section twenty, owned by defendants. At a high stage of water, all the land included in plaintiff's conveyance from the county, and part of that owned by defendants, is covered with water from eight to twenty feet in depth; and the slough is then navigated by steamboats, barges and rafts. Much of the land is covered with timber of large size, indicating age exceeding a hundred years.

The District Court dismissed the plaintiff's petition, and he appeals.

*Ellis Brothers* for the appellant.

*Cotton & McCoy* for the appellees.

COLE, J.—The plaintiff claims title to the land in controversy, under a grant from Clinton county, and that Clinton county acquired title thereto by virtue of the swamp land grant by the United States government to the State, and by the State to the county. The defendants claim the same land as riparian proprietors, by virtue of their ownership of the lands adjoining the running slough, or water-course, and which are bounded according to the government survey and plat, upon the slough or water-course. It is conceded that the land claimed by the plaintiff, was never surveyed or platted by the government. It is not necessary for us to determine whether the defendants are the owners of the land in controversy, by reason of their ownership of the lots bounded upon the slough, nor whether the case made is, as to their rights, within the rule laid down by this court in *McManus*

v. *Carmichael* (3 Iowa, 1), or within the case of *Kraut* v. *Crawford* (18 Iowa, 549); nor the further question discussed by counsel, whether these cases are in conflict. The plaintiff has the burden of establishing his case. He must first show a title to the real estate he claims, before the defendants are called upon to show their right.

It will be remembered that the land in controversy has never been surveyed or platted by the government; nor has it ever been patented by it to any one. The plaintiff claims title, under the swamp land grant, by the act of Congress of September 28, 1850. 9 U. S. Stat. at Large, 519. He claims that this act passed the title *in presenti* to the lands granted by it. This position may be correct, and, yet, not establish the plaintiff's right. The question still remains, whether the lands claimed by plaintiff are within the act. That act grants all *legal subdivisions*, the greater part of which is wet and unfit for cultivation, etc. This land, having never been surveyed, is, of course, not a "legal subdivision" and, therefore, not as yet within the terms of the grant. There can be no reasonable question, however, that the grant would carry land not surveyed at the date of its passage, but which upon subsequent survey into "legal subdivisions," should be found to be within the terms of the grant. This survey, under the act, is an essential prerequisite to the passage of the title from the government; until this is done, it is not within the terms of the grant, nor can it be ascertained whether the greater part of any legal subdivision thereof is wet and unfit for cultivation, so as to entitle the county to it as swamp land. Again, the government may have intended to pass the several parts of the land in controversy to the several purchasers of the different lots in front of which the same are situated, either as appurtenant or as proper riparian privileges. Unless the

*Margin note:* SWAMP LAND GRANT: unsurveyed portions do not pass.

government shall first elect, by its acts, to claim the land, or assert some right thereto, it is not competent for any corporation or person to do so.

In other words, the plaintiff, in order to establish his title to the land, must deduce the same from the United States. The act of Congress of September 28, 1850, does not, of itself, prove the grant to the State or county, unless the proof shows the land to have been surveyed into legal subdivisions. For the reason that the plaintiff has not shown himself entitled to the land, he cannot maintain this action. The judgment of the District Court is

Affirmed.